UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.  CR No. 14-115 ML

ALAN BRADLEY

MEMORANDUM AND ORDER

After a four-day trial, a jury found Defendant, Alan Bradley ("Defendant"), guilty of operating a motor vehicle, while within the special maritime and territorial jurisdiction of the United States, in reckless disregard of the safety of others resulting in the death of another person, in violation of R.I. Gen. Laws § 31-27-1 and 18 U.S.C. §§ 7 and 13. Defendant has now filed a post-verdict motion for a new trial pursuant to Fed. R. Crim. P. 33. See Docket #42.

I. STANDARD OF REVIEW

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "In considering a motion for a new trial, district courts may weigh the evidence and evaluate the credibility of witnesses, . . . [but] the remedy of a new trial is sparingly used, and then only where there would be a miscarriage of justice and where the evidence preponderates heavily against the verdict." United States v. Merlino, 592 F.3d 22, 32 (1st Cir. 2010) (internal quotation marks omitted). "Because the district court must generally defer to a jury's credibility assessments . . . [i]t is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury

1

function of credibility assessment." Id. at 32-33 (internal quotation marks and citation omitted). Where the motion is based on the insufficiency of the evidence, the Court must clearly determine that the jury reached a seriously erroneous result before granting the motion. Id. at 32. Motions for a new trial are directed to the discretion of the district court. Id. at 33.

## II. ANALYSIS

The essential elements of the offense of which Defendant was convicted are: (1) that the Defendant was operating a motor vehicle; (2) that the Defendant operated that motor vehicle in reckless disregard of the safety of others; (3) that the death of another person ensued as a proximate result of an injury received by the Defendant's reckless operation of the motor vehicle; and, (4) that the conduct occurred within the special maritime and territorial jurisdiction of the United States.

The uncontroverted evidence at trial reflected that, at the time of the motor vehicle incident on September 26, 2013: (1) Defendant had been advised not to drive by his physician because of his seizures; (2) Defendant's seizures were not under control; (3) Defendant had been involved in a serious car accident, which he attributed to a seizure, on January 22, 2011; and (4) with knowledge of these factors, Defendant voluntary chose to operate a motor vehicle on September 26, 2013. Furthermore, the parties stipulated that the September 26, 2013, incident occurred on the grounds of Naval Station Newport, which is in the special maritime and territorial jurisdiction of the United States, and, that the death of Frank Lema was the proximate result of being struck by the pickup truck operated by Defendant. The Court concludes that the evidence produced at trial proved each and every essential element of the offense beyond a

reasonable doubt, thus supporting the jury's verdict.

Defendant's motion for a new trial is hereby denied.

SO ORDERED.


/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge
July 7, 2015